Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
(973) 622-4444
cbetz@mccarter.com

*Attorneys for Plaintiffs Razor USA LLC
and Shane Chen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAZOR USA LLC and SHANE CHEN, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: |
| | ) | |
| v. | ) | **COMPLAINT FOR PATENT** |
| | ) | **INFRINGEMENT** |
| SAKAR INTERNATIONAL, INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

Plaintiffs Razor USA LLC ("Razor") and Shane Chen ("Chen") (jointly, "Plaintiffs")
hereby complain of Sakar International, Inc. ("Defendant") and allege as follows:

### I. THE PARTIES

1.      Razor is a limited liability company organized and existing under the laws of
Delaware and having its principal place of business at 12723 166th Street, Cerritos, California
90703.

2.      Chen is a resident of Camas, Washington.

3.      Plaintiffs are informed and believe, and thereon allege, that Defendant is a
corporation organized and existing under the laws of the State of New York and having a principal

place of business at 195 Carter Drive, Edison, New Jersey 08817.

4.     Plaintiffs are informed and believe, and thereon allege, that Defendant has committed the acts alleged herein within this judicial district.

## II.  JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, Title 35 United States Code, including 35 U.S.C. § 1, *et seq.*  This complaint includes claims for patent infringement arising under U.S. patent law, including 35 U.S.C. §§ 271, *et seq.*

6.     This Court has personal jurisdiction over Defendant because Defendant has a principal place of business in this judicial district and has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in New Jersey and this district, which acts form a substantial part of the events or omissions giving rise to Plaintiffs' claim.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  Defendant is headquartered in this judicial district, committed acts of infringement within this judicial district, and has a regular and established place of business in this judicial district.

## III.  GENERAL ALLEGATIONS

8.     Razor has been the worldwide leader in scooters since 2000, when it made the kick scooter a global phenomenon.  Since 2000, Razor has sold over 34 million scooters, including 13 million electric scooters.  Razor has been recognized for its innovative and popular products by

parents, media, and industry alike.  Razor focuses on providing the best riding experience by combining cutting-edge technology, high-quality materials, and innovation to deliver products designed to suit riders' evolving lifestyles.  Today, Razor offers a full line of award-winning products that inspire and excite riders around the globe.

9.     Razor invested significant resources in protecting its intellectual property through the development, licensing, and, when necessary, enforcement of substantial patent and other intellectual property rights.

10.    On August 15, 2023, the United States Patent and Trademark Office duly and lawfully issued United States Reissue Patent Number RE49,608 (the "RE608 Patent"), titled "Two-Wheel Self-Balancing Vehicle with Independently Movable Foot Placement Sections." Chen is the named inventor of the RE608 Patent, which is a reissue of United States Patent No. 8,738,278 (the "'278 Patent"), which issued on May 27, 2014.  A true and correct copy of the RE608 Patent is attached hereto as **Exhibit 1**.

11.    On July 24, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Reissue Patent Number RE46,964 (the "RE964 Patent"), titled "Two-Wheel Self-Balancing Vehicle with Independently Movable Foot Placement Sections."  Chen is the named inventor of the RE964 Patent, which is a reissue of the '278 Patent, which issued on May 27, 2014.  A true and correct copy of the RE964 Patent is attached hereto as **Exhibit 2**.

12.    On May 27, 2014, the United States Patent and Trademark Office duly and lawfully issued the '278 Patent, titled "Two-Wheel, Self-Balancing Vehicle with Independently Movable Foot Placement Sections."  Chen is the named inventor of the '278 Patent.  A true and correct copy of the '278 Patent is attached hereto as **Exhibit 3**.

13.    On September 29, 2015, the United States Patent and Trademark Office duly and

ME1 46445003v.1

lawfully issued United States Design Patent D739,906 (the "D906 Patent"), titled "Two-Wheeled Vehicle." Chen is the named inventor of the D906 Patent. A true and correct copy of the D906 Patent is attached hereto as **Exhibit 4**.

14. Chen is the owner of the RE608 Patent, the RE964 Patent, the '278 Patent, and the D906 Patent (collectively, the "Asserted Patents"), and Razor is the exclusive licensee of the Asserted Patents in the United States and Canadian markets for products having a projected net wholesale price of $400 or less.

15. Razor is the assignee of the right to enforce any and all claims and rights of action for damages and equitable relief by reason of past, present and/or future infringement of the Asserted Patents for products having a projected net wholesale price of $400 or less, and the right to sue and collect damages and obtain equitable relief for all past, present and/or future infringement of the Asserted Patents for products having a projected net wholesale price of $400 or less.

16. The RE608, RE964, and '278 Patents all relate to, among other things, two-wheel, self-balancing vehicles with independently movable foot placement sections.

17. The D906 Patent claims the ornamental design for a two-wheeled vehicle as shown and described in the patent.

18. Plaintiffs are informed and believe, and thereon allege, that Defendant makes, uses, sells, offers for sale, and/or imports into the United States two-wheel self-balancing vehicles including, for example, products referred to by the name "hoverboard" (the "Accused Products") that infringe Plaintiffs' intellectual property rights, including the Asserted Patents.

19. The Accused Products of which Plaintiffs are presently aware include, for example, those sold under the names Rainbow High Hover Play, Voyager Jojo Siwa, Voyager Snap Spinner,

Voyager Hover Snap, Voyager Hover Glow, Voyager Hover Beats, Voyager Hover Flow, Voyager Hover Beam, Voyager Lava Glide, the HOVER2020F, and Voyager Star Glide.

20.     The Accused Products that infringe the RE608 Patent, RE964 Patent, and '278 Patent also include all of Defendant's other hoverboards, including those released after the filing of this Complaint, because, on information and belief, all of Defendant's hoverboards infringe the RE608 Patent, RE964 Patent, and '278 Patent in substantially the same way.

21.     The Accused Products that infringe the D906 Patent also include all of Defendant's other hoverboards, including those released after the filing of this Complaint, having an hourglass shape.

22.     Defendant's acts complained of herein have caused Plaintiffs to suffer irreparable injury.  Plaintiffs will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

23.     Plaintiffs are informed and believe, and on that basis, allege, that Defendant's acts complained of herein are willful and deliberate.

### FIRST CLAIM FOR RELIEF
#### (Patent Infringement of the RE608 Patent - 35 U.S.C. § 271)

24.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-23 of this Complaint as if set forth fully herein.

25.     This is a claim for patent infringement under 35 U.S.C. § 271.

26.     Defendant, through its agents, employees, servants, distributors, and retailers has, and continues to, knowingly, intentionally, and willfully infringe at least Claims 10 and 12 of the RE608 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products.

27.     As set forth below, the Accused Products satisfy all of the limitations of at least

Claim 10 of the RE608 Patent.

28.     The Accused Products are two-wheel, self-balancing vehicle devices.

29.     The Accused Products have a first foot placement section and a second foot placement section that are rotatably coupled to one another.

30.     The Accused Products have a first wheel associated with the first foot placement section and a second wheel associated with a second foot placement section.

31.     The Accused Products have first and second wheels spaced apart and substantially parallel to one another.

32.     The Accused Products have a first position sensor configured to sense the position of the first foot placement section.

33.     The Accused Products have a first drive motor configured to drive the first wheel.

34.     The Accused Products have a second position sensor configured to sense the position of the second of the second foot placement section.

35.     The Accused Products have a second drive motor configured to drive the second wheel.

36.     The Accused Products exclude a steering structure that ascends upward from the foot placement sections.

37.     The Accused Products have the first foot placement section coupled to the second foot placement section such that the first foot placement section can rotate forward while the second foot placement section can rotate backward.

38.     As set forth below, the Accused Products satisfy all of the limitations of at least Claim 12 of the RE608 Patent.

39.     The Accused Products are two-wheel, self-balancing vehicle devices.

40.    The Accused Products have a first foot placement section and a second foot placement section that are rotatably coupled to one another.

41.    The Accused Products have a first wheel associated with the first foot placement section and a second wheel associated with a second foot placement section.

42.    The Accused Products have first and second wheels spaced apart and substantially parallel to one another.

43.    The Accused Products have a first position sensor configured to sense the position of the first foot placement section.

44.    The Accused Products have a first drive motor configured to drive the first wheel.

45.    The Accused Products have a second position sensor configured to sense the position of the second of the second foot placement section.

46.    The Accused Products have a second drive motor configured to drive the second wheel.

47.    The Accused Products exclude a steering structure that ascends upward from the foot placement sections.

48.    The Accused Products are vehicles configured to move in a forward direction and a rearward direction.

49.    The Accused Products have the first foot placement section configured to rotate in the forward direction.

50.    The Accused Products have the second foot placement section configured to rotate in the rearward direction.

51.    Defendant's acts of infringement of the RE608 Patent were undertaken without permission or license from Plaintiffs.

ME1 46445003v.1

52.     Upon information and belief, Defendant had actual knowledge of Plaintiffs' rights in the subject matter claimed in the RE608 Patent.

53.     The Accused Products are nearly identical copies of the subject matter claimed in the RE608 Patent, and Defendant's actions constitute willful and intentional infringement of the RE608 Patent.  Defendant infringed the RE608 Patent with reckless disregard of Plaintiffs' patent rights.  Defendant knew, or should have known, that its actions constituted infringement of the RE608 Patent.  Defendant's acts of infringement of the RE608 Patent were not consistent with the standards of commerce for its industry.

54.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiffs.

55.     Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

56.     Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to attorneys' fees.

57.     Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

58.     Defendant will continue to infringe Plaintiffs' patent rights to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement of the RE964 Patent - 35 U.S.C. § 271)

59.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-58 of this Complaint as if set forth fully herein.

60.     This is a claim for patent infringement under 35 U.S.C. § 271.

61.     Defendant, through its agents, employees, servants, distributors, and retailers has,

and continues to, knowingly, intentionally, and willfully infringe at least Claims 1 and 10 of the RE964 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products.

62.    The Accused Products satisfy all of the limitations of at least Claim 1 of the RE964 Patent.

63.    The Accused Products are two-wheel, self-balancing vehicle devices.

64.    The Accused Products have a first foot placement section and a second foot placement section that are coupled to one another.

65.    The Accused Products have a first foot placement section and a second foot placement section that are independently rotatable along an axis passing through a first wheel and a second wheel.

66.    The Accused Products have a first wheel associated with the first foot placement section and a second wheel associated with the second foot placement section.

67.    The Accused Products have first and second wheels spaced apart and substantially parallel to one another.

68.    The Accused Products have a first position sensor and a first drive motor configured to drive the first wheel.

69.    The Accused Products have a second position sensor and a second drive motor configured to drive the second wheel.

70.    The Accused Products have control logic that drives the first wheel toward self-balancing the first foot placement section in response to position data from the first sensor.

71.    The Accused Products have control logic that drives the second wheel toward self-balancing the second foot placement section in response to position data from the second foot

placement section.

72.    As set forth below, the Accused Products satisfy all of the limitations of at least Claim 10 of the RE964 Patent.

73.    The Accused Products are two-wheel, self-balancing vehicle devices.

74.    The Accused Products have a first foot placement section and a second foot placement section.

75.    The Accused Products have a first foot placement section and a second foot placement section that are coupled to one another and are independently rotatable along an axis passing through a first wheel and a second wheel.

76.    The Accused Products have a first wheel associated with the first foot placement section.

77.    The Accused Products have a second wheel associated with the second foot placement section.

78.    The Accused Products have first and second wheels spaced apart and substantially parallel to one another.

79.    The Accused Products have a first position sensor and a first drive motor configured to drive the first wheel.

80.    The Accused Products have a second position sensor and a second drive motor configured to drive the second wheel.

81.    The Accused Products have control logic that drives the first wheel toward self-balancing the first foot placement section in response to position data from the first sensor.

82.    The Accused Products have control logic that drives the second wheel toward self-balancing the second foot placement section in response to position data from the second sensor.

ME1 46445003v.1

83.     Defendant's acts of infringement of the RE964 Patent were undertaken without permission or license from Plaintiffs.

84.     Upon information and belief, Defendant had actual knowledge of Plaintiffs' rights in the subject matter claimed in the RE964 Patent.

85.     In addition, Razor has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

86.     The Accused Products are nearly identical copies of the subject matter claimed in the RE964 Patent, and Defendant's actions constitute willful and intentional infringement of the RE964 Patent.  Defendant infringed the RE964 Patent with reckless disregard of Plaintiffs' patent rights.  Defendant knew, or should have known, that its actions constituted infringement of the RE964 Patent.

87.     As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiffs.

88.     Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

89.     Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to attorneys' fees.

90.     Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

91.     Defendant will continue to infringe Plaintiffs' patent rights to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

**THIRD CLAIM FOR RELIEF**
**(Patent Infringement of the '278 Patent - 35 U.S.C. § 271)**

92.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-91 of this Complaint

-11-

as if set forth fully herein.

93.     This is a claim for patent infringement under 35 U.S.C. § 271.

94.     Defendant, through its agents, employees, servants, distributors, and retailers has, and continues to, knowingly, intentionally, and willfully infringe at least Claim 1 of the '278 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products.

95.     As set forth below, the Accused Products satisfy all of the limitations of at least Claim 1 of the '278 Patent.

96.     The Accused Products are two-wheel, self-balancing vehicle devices.

97.     The Accused Products have a first foot placement section and a second foot placement section that are coupled to one another.

98.     The Accused Products have the first foot placement section and the second foot placement section independently movable with respect to one another.

99.     The Accused Products have a first wheel associated with the first foot placement section and a second wheel associated with the second foot placement section.

100.    The Accused Products have first and second wheels spaced apart and substantially parallel to one another.

101.    The Accused Products have a first position sensor and a first drive motor configured to drive the first wheel.

102.    The Accused Products have a second position sensor and a second drive motor configured to drive the second wheel.

103.    The Accused Products have control logic that drives the first wheel toward self-balancing the first foot placement section in response to position data from the first sensor.

-12-

104.    The Accused Products have control logic that drives the second wheel toward self-balancing the second foot placement section in response to position data from the second foot placement section.

105.    Defendant's acts of infringement of the '278 Patent were undertaken without permission or license from Plaintiffs.

106.    Upon information and belief, Defendant had actual knowledge of Plaintiffs' rights in the subject matter claimed in the '278 Patent.

107.    In addition, Razor has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

108.    The Accused Products are nearly identical copies of the subject matter claimed in the '278 Patent, and Defendant's actions constitute willful and intentional infringement of the '278 Patent.  Defendant infringed the '278 Patent with reckless disregard of Plaintiffs' patent rights. Defendant knew, or should have known, that its actions constituted infringement of the '278 Patent.

109.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiffs.

110.    Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

111.    Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to attorneys' fees.

112.    Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

113.    Defendant will continue to infringe Plaintiffs' patent rights to the great and

irreparable injury of Plaintiffs, unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Patent Infringement of the D906 Patent - 35 U.S.C. § 271)

114.    Plaintiffs repeat and re-allege the allegations of paragraphs 1-113 of this Complaint as if set forth fully herein.

115.    This is a claim for patent infringement under 35 U.S.C. § 271.

116.    Defendant, through its agents, employees, servants, distributors, and retailers has, and continues to, knowingly, intentionally, and willfully infringe the D906 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products having a design that would appear to an ordinary observer to be substantially similar to the claim of the D906 Patent.

117.    For example, the side-by-side visual comparisons of Plaintiffs' patented design and a representative sample of the Accused Products establishes that, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Products is substantially the same as the claimed design of the D906 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other.  As a result, Defendant infringes the D906 Patent.

118.    Defendant's acts of infringement of the D906 Patent were undertaken without permission or license from Plaintiffs.

119.    Upon information and belief, Defendant had actual knowledge of Plaintiffs' rights in the design claimed in the D906 Patent.

120.    In addition, Razor has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

121.    The Accused Products are nearly identical copies of the design claimed in the D906

-14-

Patent, and Defendant's actions constitute willful and intentional infringement of the D906 Patent. Defendant infringed the D906 Patent with reckless disregard of Plaintiffs' patent rights. Defendant knew, or should have known, that its actions constituted infringement of the D906 Patent.

122.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiffs.

123.    Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

124.    Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to attorneys' fees.

125.    Pursuant to 35 U.S.C. § 289, Plaintiffs are entitled to recover Defendant's total profits from Defendant's infringement of Plaintiff's design patent.

126.    Due to the aforesaid infringing acts, Plaintiffs have suffered great and irreparable injury, for which Plaintiffs have no adequate remedy at law.

127.    Defendant will continue to infringe Plaintiffs' patent rights to the great and irreparable injury of Plaintiffs, unless enjoined by this Court.

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendant for the following relief:

A.    That the Court adjudge Defendant to have willfully infringed the RE608 Patent, RE964 Patent, '278 Patent, and D906 Patent under 35 U.S.C. § 271;

B.    That the Court issue a preliminary and permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees, representatives, distributors, retailers, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant who receive actual notice of the injunction, from engaging in the following

activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1.    making, using, selling, offering to sell, and/or importing the Accused Products;

2.    making, using, selling, offering to sell, and/or importing any other product that infringes the RE608 Patent, RE964 Patent, '278 Patent, or D906 Patent; and

3.    directly or indirectly infringing the RE608 Patent, RE964 Patent, '278 Patent, or D906 Patent in violation of 35 U.S.C. § 271;

C.    That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the RE608 Patent, the RE964 Patent, the '278 Patent, and the D906 Patent in violation of 35 U.S.C. § 271, and that Defendant pay to Plaintiffs all damages suffered by Plaintiffs and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D.    That an accounting be ordered to determine Defendant's profits resulting from its infringement;

E.    That Defendant disgorge all benefits from Defendant's wrongful acts, and provide restitution for all harm caused by Defendant's wrongful acts;

F.    An Order adjudging that this is an exceptional case pursuant to 35 U.S.C. § 285;

G.    An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

H.    An award to Plaintiffs of the attorney fees, expenses, and costs incurred by Plaintiffs in connection with this action;

-16-

I.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

J.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

Dated: October 23, 2023        By: */s/Cynthia S. Betz*
Cynthia S. Betz
Mark M. Makhail
Four Gateway Center
100 Mulberry Street
Newark, NY  07102
(973) 622-4444
cbetz@mccarter.com

*Attorneys for Plaintiffs Razor USA LLC
and Shane Chen*

*Of Counsel:*

Benjamin A. Katzenellenbogen (*Pro Hac Vice* application forthcoming)
Christian D. Boettcher (*Pro Hac Vice* application forthcoming)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA  92614
Tel: (949) 760-0404
Fax: (949) 760-9502
ben.katzenellenbogen@knobbe.com
christian.boettcher@knobbe.com

Christie R.W. Matthaei (*Pro Hac Vice* application forthcoming)
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
925 Fourth Ave., Suite 2500
Seattle, WA 98104
Telephone: (206) 405-2000
Facsimile: (206) 405-2001
christie.matthaei@knobbe.com

Laura E. Liebman (*Pro Hac Vice* application forthcoming)

-17-

ME1 46445003v.1

**KNOBBE, MARTENS, OLSON & BEAR LLP**
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone:  (858) 707-4000
Facsimile:  (858) 77-4001
laura.liebman@knobbe.om

*Attorneys for Plaintiff, Razor USA LLC*

Benjamin Hodges (*Pro Hac Vice* application forthcoming)
**FOSTER GARVEY PC**
1111 Third Avenue, Suite 3000
Seattle, Washington  98101
Telephone: (206) 447-4400
Facsimile:  (206) 447-9700
ben.hodges@foster.com

*Attorney for Plaintiff*
*Shane Chen*

-18-

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**McCARTER & ENGLISH, LLP**

Dated: October 23, 2023                    By: /s/ *Cynthia S. Betz*
                                           Cynthia S. Betz
                                           Mark M. Makhail
                                           Four Gateway Center
                                           100 Mulberry Street
                                           Newark, NY 07102
                                           (973) 622-4444
                                           cbetz@mccarter.com

                                           *Attorneys for Plaintiffs Razor USA LLC*
                                           *and Shane Chen*

58102293.4

ME1 46445003v.1

-19-